UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 JUL 24 PM 4:11

| | |
|---|---|
| CECIL T. KIRKSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-0766-NE |
| ) | |
| JOHN SNOW, Secretary of the ) | |
| Treasury, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ENTERED
JUL 24 2003

## MEMORANDUM OPINION

This action was commenced by an employee of the United States Internal Revenue Service, Cecil T. Kirksey. Most of the claims asserted in his *pro se* complaint grew from a long-running, tax dispute between plaintiff and his wife on one side,[1] and the Internal Revenue Service and Alabama Department of Revenue on the other. In addition, plaintiff alleges that his employer subjected him to illegal employment discrimination because of his race and age (Cecil T. Kirksey is a fifty-four year old African-American male), and, in retaliation for the tax dispute.

Plaintiff's complaint names twenty-six persons as defendants, and claims that their conduct violated several federal laws, including 42 U.S.C. §§ 1983 and 1985, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. The defendants can be distributed among the following categories: (1) the Secretary of the United States Treasury and eleven employees of

---

[1] As observed *infra* at note 11 and accompanying text, this controversy was ignited by a dispute concerning the taxability of $18,000 received in 1993 *by Ester Kirksey*, plaintiff's wife, as *her* share of a class-action settlement. Even so, Mrs. Kirksey did not join her husband as a party to this action.

the Internal Revenue Service ("IRS defendants");[2] (2) eight employees of the Alabama Department of Revenue ("ADOR defendants");[3] (3) the law firm of Wilmer & Lee, P.A., as well as three attorneys and a secretary associated with that firm ("Wilmer & Lee defendants");[4] and (4) the trustee in plaintiff's Chapter 7 bankruptcy proceeding, Tazewell T. Shepard ("Shepard").

The action now is before the court on motions to dismiss filed by the ADOR defendants, the Wilmer & Lee defendants, and Shepard.[5] Plaintiff filed a response.[6]

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)[7]). Consequently, a complaint should not be

---

[2] The IRS defendants are: John Snow, United States Secretary of the Treasury; Robert E. Wenzel, Acting Commissioner, IRS; Bruce Thomas, individually and in his official capacity as a "manager" for the IRS; David Meaux, individually and in his official capacity as a "manager" for the IRS; Sabrina Pridgen, individually and in her official capacity as a staffing specialist for the IRS; Dennis Beach, individually and in his official capacity as a "manager" for the IRS; David Warren, individually and in his official capacity as a "manager" for the IRS; Tina Meaux, individually and in her official capacity as a "manager" for the IRS; Tommie Cleveland, individually and in his official capacity as an employee of the IRS; Eleanor Allen, individually and in her official capacity as a "manager" for the IRS; Douglas Williams, individually and in his official capacity, as a "manager" for the IRS; and Bonnie Algee, individually and in her official capacity as a personnel specialist for the IRS.

[3] The ADOR defendants are: Catherine Abercrombie, individually and in her official capacity as a revenue officer for ADOR; Anne Glenn, individually and in her official capacity as a hearing officer for ADOR; Judy A. Robbins, individually and in her official capacity as a hearing officer for ADOR; Betty W. Knowles, individually and in her official capacity as a revenue examiner for ADOR; Michael Patterson, individually and in his official capacity as Commissioner of ADOR; Martha Pegues, individually and in her official capacity as a taxpayer advocate for ADOR; Keith Maddox, individually and in his official capacity as assistant counsel for ADOR; and Bill Thompson, individually and in his official capacity as chief administrative law judge for ADOR.

[4] The Wilmer & Lee defendants are: Wilmer & Lee, P.A.; John A. Wilmer, individually and in his official capacity as a senior partner at Wilmer & Lee; Tennent L. Lee, III, individually and in his official capacity as a senior partner at Wilmer and Lee; Michael K. Wisner, individually and in his official capacity as an associate at Wilmer & Lee; and Mandy Fears, individually and in her official capacity as an employee of Wilmer & Lee.

[5] *See* doc. nos. 5, 7, and 8.

[6] *See* doc. no. 14.

[7] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116

dismissed for failing to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102.[8] When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to

---

F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[8] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102; *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

Here, however, the court has more than pleadings for consideration. The moving parties and plaintiff have filed briefs, supplemented with evidentiary materials. If matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D. D.C. 1986) (Richey, J.). This allows the court's inquiry to be fact specific and allows the nonmovant to demonstrate the existence of any genuine issues of material fact. *But see Denis v. Liberty Mutual Insurance Co.*, 791 F.2d 846, 850 (11th Cir. 1986) (recognizing an exception to the requirement that the court afford plaintiff notice of its intent to convert and an opportunity to supplement the record); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (same).

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the pleadings and briefs, this court is of the opinion that all motions to dismiss, construed as motions for summary judgment, should be granted.

## II. SUMMARY OF FACTS

The following summary is distilled from the Complaint and plaintiff's "Response to All

Motions to Dismiss."[9]

## A.     The Internal Revenue Service ("IRS") Defendants

Plaintiff's wife, Ester Kirksey, participated in a class-action lawsuit and received an $18,000 settlement in 1993.[10] Plaintiff and his wife did not consider her portion of the settlement to be taxable income and, accordingly, did not include the amount in their 1993 joint tax returns filed with the IRS and ADOR.[11] The federal return was audited, and plaintiff wrangled with the IRS for several years, attempting to "reduce the taxable part of the settlement."[12] Plaintiff claims that an IRS appeals officer offered to make a reduction in March of 1997, but he did not accept the offer because he "did not have enough information to accept or reject the proposal."[13] Instead, plaintiff demanded that the IRS provide "documentation that the Appeals Officer had accumulated concerning the issue, including, but not limited to, case law that supported the government's position."[14] Plaintiff was not satisfied with the IRS response, and again advised the IRS that he was without sufficient information to decide whether to accept the proposal. Thereafter, the IRS sent plaintiff a Notice of Deficiency, which indicated that he had ninety days to contest the deficiency in Tax Court. Plaintiff eventually relented, and signed and returned the Notice of Deficiency. Plaintiff filed an amended 1993 return on October 21, 2000. Plaintiff generally claims that the IRS audit of the 1993 return was

---

[9] *See* doc. nos. 1 and 14.

[10] *See* doc. no. 14, ¶¶ 1 – 5.

[11] *See* doc. no. 14 (plaintiff's response to all motions to dismiss) ¶ 6, at 1 ("Mrs. Kirksey and I did not believe the lawsuit proceeds were taxable. *We* did not list the proceeds on *our* 1993 tax return.") (emphasis supplied). The court observes that plaintiff often uses the plural pronoun "we" in his response — obviously in reference to himself and his wife, Esther Kirksey. Mrs. Kirksey is not a party to this action, however. For the sake of simplicity, therefore, this court will use either the singular noun "plaintiff," or singular personal pronouns "he," "his," or "him," when describing events.

[12] *Id.* ¶ 20

[13] *Id.* ¶ 21.

[14] *Id.*

"fraudulent."[15]

In addition to the claims growing out of the foregoing tax dispute, plaintiff alleges that the IRS subjected him to unlawful discrimination in the workplace. Plaintiff has been employed by the IRS as a "Tax Technician/Tax Auditor" for approximately thirteen years.[16] He currently is collecting disability payments administered by the Social Security Administration, however. The complaint states: "I believe [the IRS] has conspired to discriminate and harass me dating back to 1994. The reasons for the discrimination and harassment are my race, my involvement in a lawsuit settlement[,] and my age."[17] Specifically, plaintiff complains that he applied for, but did not receive, transfer to a Revenue Officer position in 1994 and 1995. The position was awarded to a Caucasian male. Plaintiff did not complain about his nonselection before this suit. Plaintiff also claims that he was accused by the IRS in July of 1996 of not paying his 1995 tax liability. Plaintiff eventually convinced the IRS that he had, in fact, timely paid his tax bill for that year. Plaintiff generally adds that the IRS's actions regarding that alleged liability "violated fair debt collection procedures."[18] Plaintiff does not assert a Fair Debt Collection Practices Act claim, however.

Plaintiff applied for a "General Engineer" position on April 26, 1999, but was not selected. He filed a grievance regarding his nonselection, but was not satisfied with the results of the "Equal Opportunity process."[19]

Plaintiff applied for another Revenue Officer position in July of 1999, but was not selected. The position was awarded to a younger and "less experienced" Caucasian male. Plaintiff filed a

---

[15] *Id.* ¶ 32.
[16] Complaint ¶ 34.
[17] *Id.* ¶ 35.
[18] Doc. no 14 (plaintiff's response to motions to dismiss) ¶ 38.
[19] *Id.* ¶¶ 44-46.

grievance, but was not satisfied with the results of "Equal Opportunity process."[20]

Plaintiff applied for a "Technical Rollout Instructor detail" in September of 1999 but, again, was not selected. "The detail was given to a younger[,] less experienced[,] Caucasian male." Plaintiff filed another grievance but, yet again, he was not satisfied with the "Equal Opportunity process."[21]

## B.  The Alabama Department of Revenue ("ADOR") Defendants

Plaintiff also engaged in a long-running dispute with ADOR regarding his state income-tax liability. Plaintiff claims that ADOR "knew or should have known that the IRS audit [presumably, of the 1993 income tax return] was fraudulent."[22] ADOR offered to reduce plaintiff's state income tax liability on a scale analogous to the IRS's proposed reduction. As he did with the IRS, however, plaintiff responded by requesting additional information and legal authority. ADOR either did not respond at all, or did not respond to plaintiff's satisfaction. While the remainder of plaintiff's interaction with ADOR is difficult to discern from the complaint and plaintiff's response to the motions to dismiss, it appears that plaintiff was again assessed a larger tax bill than he believed appropriate. Plaintiff further alleges that ADOR committed "willful [and] malicious acts" in connection with the state tax dispute.[23]

## C.  The Wilmer & Lee Defendants

Plaintiff sought legal counsel from Michael K. Wisner, an attorney in the Wilmer & Lee law firm, on April 23, 2002. Plaintiff advised Wisner that he required advice regarding whether he had been treated fairly by the IRS and ADOR within two weeks, for the purpose of deciding whether to

---

[20] *Id.* ¶¶ 47-50.
[21] *Id.* ¶¶ 51-53.
[22] *Id.* ¶ 56.
[23] *Id.* ¶ 81.

file a lawsuit against those entities. Plaintiff claims that he did not receive a timely response from Wisner, and now seeks to hold Wisner, his secretary (defendant Mandy Fears), and others associated with the law firm liable for damages.[24]

### D.     Defendant Shepard

Plaintiff asserts that the actions of the IRS and ADOR caused him to file for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Defendant Tazewell T. Shepard served as the duly appointed trustee in those proceedings. Plaintiff requested a meeting with Shepard "to discuss all of the claims," but states that Shepard "refused to meet with [him]. Instead of intervening on my behalf and helping me resolve these and other matters, he chose an option that left me in worse financial condition than I would have been if we had gotten monies to pay the debt(s)."[25]

## II. DISCUSSION

The substance of plaintiff's claims are difficult to parse because he does not delineate which theories of relief are applicable to each of the numerous defendants. Plaintiff's response to all motions to dismiss basically is a rehash of his complaint: he first narratively recounts the facts, as he alleges them, and then transitions into a listing of federal laws, generally asserting that unspecified "defendants" have wronged him as to each count. Both the complaint and plaintiff's response to the motions to dismiss are utterly devoid of any substantive argument as to how the facts warrant relief under the cited laws against any defendant.

While the court is aware that the pleadings submitted by a *pro se* litigant are to be construed with leniency, *see, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys

---

[24] Doc. no. 14 (plaintiff's response to motions to dismiss) ¶¶ 84-92.

[25] *Id.* ¶¶ 93-95; Complaint ¶ 65.

and will, therefore, be liberally construed."), that leniency does not extend so far as to give the court leave to serve as *de facto* counsel for a *pro se* litigant, or to rewrite any deficient pleadings. *See Gibbs v. Republic Tobacco, L.P.*, 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2001) (holding that the court would not rewrite a *pro se* litigant's pleadings). The principle underlying the liberal construction of the pleadings of a *pro se* litigant is "to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Here, plaintiff's pleadings are anything but "understandable."

### A.    The Alabama Department of Revenue ("ADOR") Defendants

The ADOR defendants assert that plaintiff's claims growing out of the audit of his state income tax return are barred by the doctrine of sovereign immunity. The ADOR defendants additionally assert that plaintiff's individual capacity claims are barred by the doctrine of qualified immunity. Further, with regard to plaintiff's civil rights claims, the ADOR defendants assert that plaintiff has not established a prima facie case of illegal discrimination. The ADOR defendants also claim that this court lacks jurisdiction over plaintiff's dispute with them under the Tax Injunction Act. *See* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). Plaintiff proffered no argument in opposition to any of those contentions. The court finds that all of plaintiff's claims against the ADOR defendants are due to be dismissed, for the reasons set forth in their motion.[26]

### B.    The Wilmer & Lee Defendants

The Wilmer & Lee defendants assert that this court lacks jurisdiction over any claims that

---

[26] *See* doc. no. 8 (ADOR defendants' motion to dismiss).

plaintiff may be asserting against them. The Wilmer & Lee defendants first point out that there is no diversity of citizenship between them and plaintiff and, thus, this court's jurisdiction cannot be premised upon 28 U.S.C. § 1332. The Wilmer & Lee defendants further assert that no federal claim can reasonably be construed to have been asserted against them, given the pleadings. The complaint devotes one paragraph to the factual allegations giving rise to plaintiff's claims against the Wilmer & Lee defendants:

> After I received Mr. Thompson's order I contacted Mr. Wisner at Wilmer & Lee, P.A. We met and I provided a binder containing all of the facts related to the matter. I expected Mr. Wisner to evaluate the data and contact me regarding my opportunity to take the matter to Circuit Court. He ignored my phone calls, Ms. Fears, repeatedly stated that he was out of town. I losted [sic] my opportunity.[27]

Given those facts, the Wilmer & Lee defendants claim that plaintiff's only available theory of relief would be to file a legal services liability action pursuant to Alabama Code § 6-5-573, which dictates that "[t]here shall be only one form and cause of action against legal services providers in courts in the State of Alabama and it shall be known as the legal services liability action. . . ." Ala. Code § 6-5-573 (1975) (1993 Replacement Vol.). The Wilmer & Lee defendants further assert that such a state-law cause of action is not part of the same case or controversy as plaintiff's federal claims and, thus, supplemental jurisdiction should not be exercised. *See* 28 U.S.C. § 1367. Plaintiff has refuted none of these arguments. Upon consideration, this court finds that it lacks jurisdiction over the Wilmer & Lee defendants,[28] and plaintiff's claims against those defendants will be dismissed without prejudice.

C.   **Defendant Shepard**

Shepard asserts two reasons for dismissing all of plaintiff's claims against him. Shepard first

---

[27] Complaint ¶ 63.

[28] *See* doc. no. 12 (Wilmer & Lee defendants' brief in support of their motion to dismiss).

claims quasi-judicial immunity, derived from his role as a bankruptcy trustee. Shepard then asserts that plaintiff fails to state a claim against him upon which relief can be granted, because Shepard, as bankruptcy trustee, had no duty to meet with plaintiff to discuss his potential claims against the IRS. Plaintiff has offered no argument to dispute either argument. The court finds Shepard's arguments well-supported and, for the reasons set forth in his motion to dismiss, his motion is due to be granted.[29]

### III. CONCLUSION

In accordance with the foregoing, the motions to dismiss filed by the ADOR defendants, the Wilmer & Lee defendants, and defendant Tazewell Shepard are due to be granted. An appropriate order will be entered contemporaneously herewith.

DONE this **24th** day of July, 2003.

_____
United States District Judge

---

[29] *See* doc. no. 5 (defendant Shepard's motion to dismiss).